LAND, J.
Defendant, convicted of murder, without capital punishment, appeals from a life sentence, and relies for reversal on a single bill of exceptions.
Mahala Price, a young negro woman, was in the same room with Moses Miller when he was shot and killed. No witness saw the actual shooting; but one witness who was in the room testified that, immediately after the report of the pistol, he looked up and saw the defendant standing with a pistol in her hand and Moses Miller on the floor. Another witness testified that on hearing the report of the pistol he stepped into the house, and heard the defendant say that she had told Miller that she would shoot him, and also heard the defendant tell another person where she had thrown the pistol, and that the pistol was found at the place indicated. Nancy Randolph, another witness, having testified that the defendant had said, before the shooting on the occasion in question, that if Moses Miller did not give back to the witness her knife she (Mahala Price) would shoot him, was asked the following question by the district attorney:
“Did you hear Mahala Price make any statement, or anything, who did the shooting?”
The witness answered: “I heard Lizzie Ard tell her — •” when she was interrupted by counsel for the defendant with the ob *56 jection that what Lizzie Ard, an absent witness, said, was not part of the res gestee, and was hearsay. The jury was retired, and the witness answered that a little while after the pistol was fired she heard Lizzie Ard say to Mahala Price:
“Mahala, look what you have done. You have raised a disturbance and killed a man in my house.”
And that Mahala replied, saying:
“Lizzie, I told him if he didn’t give Nan (meaning myself) her knife I would kill him.”
The court allowed the answer to go to the jury, and the defendant excepted. There was no error in the ruling that the question was admissible in order to explain what the defendant said in reply. The rule is that the confessions, admissions, and declarations of the accused must be given in their entirety, and to this end the whole conversation must he repeated by the witness. Marr’s Criminal Jurisprudence of Louisiana, p. 655 et seq.
Judgment affirmed.