(70 South. 786)

No. 21808.

MONFRE v. MARRERO, Sheriff.

Ex parte MONFRE.

(Feb. 4, 1916.)

*(Syllabus by the Court.)*

HABEAS CORPUS ☞54 — APPLICATION — RELEASE ON BOND.

The applicant for the issuance of a writ of habeas corpus, and to be released from custody on bond, must show that he made application to the magistrate to fix the amount of bond on which he might be released from custody, and that the justice of the peace has refused.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 51; Dec. Dig. ☞54.]

Application for writ of habeas corpus by Joseph G. Monfre against L. H. Marrero, Sheriff. Application denied.

L. H. Gosserand and F. A. Middleton, both of New Orleans, for relator. L. H. Marrero, Jr., of New Orleans, for respondent.

SOMMERVILLE, J. The petition of Joseph G. Monfre represents that he is unlawfully detained in custody by the Honorable L. H. Marrero, sheriff of the parish of Jefferson; and he asks that a writ of habeas corpus issue directed to said Marrero, sheriff, ordering him to produce the body of petitioner in open court; to produce the commitment, or other authority, by virtue whereof he pretends to have a right to hold your petitioner in custody; and he asks that he be set at large on such bond as this honorable court may fix; and for such orders as may be necessary and proper in the premises.

The respondent sheriff makes return that

he is holding the petitioner in his custody as sheriff of the parish of Jefferson:

"First. Under the commitment from L. E. Arnoult, fifth justice of the peace of the parish of Jefferson, which said commitment is attached hereto and made part hereof, marked 'Respondent 1.'

"Secondly. Under instructions of W. H. Reynaud, president of the board of control, state penitentiary, which instruction is annexed hereto and made a part hereof for reference, marked 'Respondent 2.' "

The commitment produced by the respondent is as follows:

"Commitment for Examination to District Court.

"State of Louisiana—Parish of Jefferson.

"Fifth Justice of Peace Court.

"To the Sheriff of Said Parish—Greeting:

"Receive and safely keep in your custody for further examination one Joseph Mumphreys, herewith sent you, and charged before me, one of the justices of the peace for the said parish of Jefferson, upon the oath of Henry Roth with having committed carrying concealed weapon and inasmuch as said crime as alleged to have been committed by the said Joseph Mumphreys is necessarily punishable by —— or imprisonment at hard labor in the state penitentiary, you will so keep him in your custody, subject to the order of the honorable 28th judicial district court, or until he be otherwise discharged according to law. And this shall be your warrant and authority for so doing.

"Given under my hand at my office in the parish of aforesaid, this 24th day of January, 1916.            ' [Signed] L. E. Arnoult,

"Justice of the Peace, Parish of Jefferson."

The justice of the peace who issued the commitment above appears to have used the wrong blank for the purpose, as that blank is evidently intended to be used in case of a felony, while relator is charged in said commitment with having committed a misdemeanor; that of carrying a concealed weapon.

It was the duty of the justice of the peace, in committing the relator for the misdemeanor charged, to have fixed the bond. The law in such case is, as found in section 1010, R. S.:

"If the offense or crime charged may be punishable by imprisonment in the penitentiary, the district or parish judge may set him at liberty upon his giving bond with approved security for such sum as the judge shall fix; and

if the offense be punishable with less severe penalties, the accused shall be set at liberty upon his giving bond with approved security for such sum as the magistrate or judge shall fix," etc.

But, relator does not allege that he made application to the justice of the peace to have him fix the bond at the time, or since, the commitment was issued; or that he has refused to fix the bail bond. Until the justice of the peace has been applied to to fix the bond, and has refused, relator cannot be heard to complain of the action, or the failure to act, of the justice of the peace.

The commitment issued in the case is sufficient authority for the sheriff to hold the accused, although it may be irregular in form.

As the application for the writ of habeas corpus must be refused, it becomes unnecessary to pass upon the second defense made by the respondent sheriff.

It is therefore ordered, adjudged, and decreed that the application of relator for the issuance of a writ of habeas corpus, and that he be released from the custody of the sheriff for the parish of Jefferson, upon his giving bond in a sum to be fixed by this court, is denied; reserving to relator the right to apply to L. E. Arnoult, fifth justice of the peace, parish of Jefferson, to fix the amount of bail bond to be issued in this case, all at the cost of relator.