(70 South. 787)

No. 21813.

MONFRE v. MARRERO, Sheriff.

Ex parte MONFRE.

(Feb. 10, 1916.)

*(Syllabus by the Court.)*

HABEAS CORPUS ⊜⇒44—JURISDICTION—PAROLED CONVICT.

The jurisdiction of the Supreme Court and its members, to issue the writ of habeas corpus, being confined to cases in which the court may have appellate jurisdiction, and the appellate jurisdiction not extending to cases arising under Act No. 149 of 1914, known as the "Parole Act," the application for habeas corpus of a paroled convict who is held in custody by a sheriff, at the instance of the president of the board of control of the penitentiary, must be denied.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 35; Dec. Dig. ⊜⇒44.]

Application for habeas corpus by Joseph G. Monfre against L. H. Marrero, Sheriff. Application denied, and proceeding dismissed.

L. H. Gosserand, of New Orleans, for petitioner. L. H. Marrero, Jr., of New Orleans, for respondent.

### Statement of the Case.

MONROE, C. J. Petitioner alleges that he is charged before a justice of the peace with the offense of carrying concealed weapons, and, with reference to said offense, that the justice of the peace has ordered that he be released upon furnishing a bond, which petitioner has furnished; but that the sheriff declines to release him. He further alleges:

"That his counsel was informed by John E. Fleury, judge of the Twenty-Eighth judicial district court, being the only judge of said court then present in the parish of Jefferson, that he * * * did not believe that the said sheriff would obey an order, although it were issued and bail should be fixed, and that he, the said judge, did believe that the said sheriff would refuse to set your petitioner free; that it is entirely impossible, under such a state of facts and under such a condition of mind as the said judge has declared himself to be in, for your petitioner, through the district court of the parish of Jefferson, to obtain his legal and constitutional rights. Wherefore he prays that a writ of habeas corpus issue, directing the sheriff to produce petitioner in court and show the authority by which he is held," etc.

The sheriff makes a return in which he sets up insufficiency of allegation to entitle petitioner to the relief prayed for, and want of jurisdiction in this court, based upon petitioner's failure to show that the judge of the district court was not in the district or had been applied to and had refused to grant the relief prayed for, and alleges that Judge Edrington, also (with Judge Fleury) judge of

the Twenty-Eighth district court, "was, up to the filing of the application, and continuously up to the present time, within the jurisdiction of the court," and that no application has been made to him, either for the writ of habeas corpus or for a preliminary examination. Further answering (in the event the court should find the allegations of the petition sufficient, as to the matters thus mentioned), respondent avers that he is holding the petitioner by written instructions, from W. H. Reynaud, president of the board of control of the state penitentiary, which instructions are annexed to the return, and read, in part, as follows, to wit:

"Your letter of the 27th ult. received, concerning parole prisoner No. 4724—Joseph Monfre, alias Dock Monfre—and, in answer, would request that you hold this party under section 4 of Act 149 of 1914 (Parole Act), until such time as I can procure from the Governor a written order for his return to the penitentiary.
　　"Respectfully,　　　　　　.[Signed]" etc.

Respondent also makes part of his present return his return in the matter No. 21808 [1] of the docket of this court, with the documents thereto annexed, showing that the petitioner herein was convicted of a felony, and, on August 28, 1908, was sentenced by the criminal district court for the parish of Orleans, to suffer imprisonment in the state penitentiary, at hard labor, for 20 years, which sentence was affirmed by this court. State v. Monfre, 122 La. 251, 47 South. 543, Id., 122 La. 513, 47 South. 876. And respondent further alleges that, under Act 149 of 1914, by virtue of which the petitioner was paroled, and under the instructions hereinabove mentioned, he is required to hold the petitioner subject to the disposition of the board of control of the state penitentiary.

### Opinion.

It is undisputed that the petitioner is a convict who has been paroled under the au-

[1] 70 South. 786, ante, p. 737.

thority of Act 149 of 1914, which contains the following, among other, provisions, to wit:

"Sec. 2. ✻ ✻ ✻ That the Governor, ✻ ✻ ✻ shall have authority, upon the recommendation of the board of control of the state penitentiary, to issue a parole or permit to go at large to any convict who now is, or hereafter may be, imprisoned in the penitentiary of this state, except as otherwise provided in this act. ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻

"Sec. 4. ✻ ✻ ✻ That every convict, while on parole, shall remain in the legal custody of the board of control, and shall be subject, at any time, to reincarceration for a violation of the law, or of the rule of conduct fixed by the board of control and this shall be set forth in the agreement of parole signed by the board of control and the prisoner, a copy of which shall be given to the prisoner. Upon the request of the board of control, it shall be the duty of the Governor, or in his absence, the Lieutenant Governor, and he is hereby required to issue a written order which shall be a sufficient warrant to all sheriffs, constables, marshals, policemen, and other peace officers of this state, to return to actual custody in the penitentiary any such paroled convict, and it is hereby made the duty of said officers to execute said order the same as in ordinary criminal process. The paroled convict, who may upon such order of the Governor, or in his absence, the Lieutenant Governor, be returned to the penitentiary shall be retained there according to the term of his original sentence, and in computing the period of his confinement, the time between his release on said parole and his return to the penitentiary shall not be included as part of the term of his sentence.

"Sec. 5. ✻ ✻ ✻ That this act shall not be construed in any sense to operate as a discharge of any convict paroled under its provisions, but simply as a permit to any such convict to go without the penitentiary under the conditions and regulations of the parole; and if while at large he shall so behave and conduct himself as not to incur ✻ ✻ ✻ reincarceration, he shall be deemed to be still serving out the sentence imposed upon him by the court, and shall be entitled to good time the same as if he had not been paroled.
✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻

"Sec. 7. ✻ ✻ ✻ That the board of control may designate one of its members, or one of its officers, or employés to investigate any complaint of the violations of the conditions or regulations of a parole, and said board shall have full authority to determine whether said conditions or regulations have been violated.

"Sec. 8. ✻ ✻ ✻ That it is hereby made the duty of the prisoner so paroled to notify the sheriff of the parish that he has taken up his residence in the said parish, and it shall be the duty of said sheriff to make reports concerning said prisoner or prisoners as the rules of the board ✻ ✻ ✻ shall set forth and require."

The authority of this court and its members to issue the writ of habeas corpus is confined to cases where the court "may have appellate jurisdiction." Const. art. 93. And the appellate jurisdiction of the court, in criminal cases, is confined to "questions of law alone, whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding $300 or imprisonment exceeding six months, is actually imposed." Const. art. 85. This case arises under Act 149 of 1914, which has to do, not with a criminal case, in which a sentence may, or has been, imposed, and which it is within the power of this court to review on appeal, but, with the paroling of a person who has been convicted and sentenced, whose appeal therefrom we have already considered, and, who is now held by the sheriff, at the instance of the president of the board of control of the penitentiary as a convict on parole, to await a request by the board, to the Governor, for an order for his return to the penitentiary, and the action of the Governor thereon. And, no matter what may be the outcome, we are unable to discover that any appeal will lie to this court.

Being obliged to take notice of the want of jurisdiction, petitioner's application is denied, and this proceeding dismissed at his cost.

─────────

(70 South. 789)