WARD, J.,
concurring.
While I agree with the result of the majority decision I do not agree with the majority’s conclusion that the Trial Judge correctly sustained objections to the testimony of the defendant and that of his wife on the grounds that it would be hearsay.
Hearsay evidence is testimony in court of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value on the credibility of the out-of-court asserter. State v. Dupree, 377 So.2d 328 (La.1979).
Under this definition, the defendant’s testimony describing the telephone conversation, and more particularly the questions of David Boudreaux, would not have been hearsay because Boudreaux was not “an out-of-court asserter”, rather he was a witness who testified and was subject to cross-examination.
Moreover, R.S. 15:450 provides that
[ejvery confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.
I agree with the rationale of State v. Price, 121 La. 53, 46 So. 99 (1908), in which the Court held that where the confession of the accused was the reply to a question, the question was admissible in order to explain what defendant said, that is, “the whole conversation must be repeated.” Furthermore, the content of Boudreaux’s questions was admissible to impeach his testimony.
Additionally, I find that the testimony of defendant’s wife as to the confession was likewise admissible to impeach Boudreaux. Also, I believe it can fairly be said that her testimony was not offered for its truth but merely to show what the defendant said and to refute the allegation that the defendant made a confession or an admission. As such, it was not excludable as hearsay. State v. West, 419 So.2d 868, 876 (La.1982).
Although I find error in the rulings of the Trial Judge, I believe that the evidence against the defendant was sufficient to convict him even if the barred testimony had been given. Unquestionably, the statement defendant gave to David Boudreaux was admissible. That statement, the suspicious circumstances under which defendant removed the stereo equipment from the store, the fact that he took it for delivery *515 to an address which was a vacant lot and did not return it to the store — all show that the Trial Judge’s error was harmless because the excluded evidence, beyond any doubt, would not have changed the jury’s verdict.